UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO VALLIN BRIDGES,

        Petitioner,                    Case No. 1:25-cv-916

v.                                       Honorable Sally J. Berens

MATT MACAULEY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner's motion to proceed *in forma pauperis*. (ECF No. 2)

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 8, PageID.13.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). The present petition is properly dismissed for lack of jurisdiction.

I.      **In Custody**

Under 28 U.S.C. § 2254(a), district courts have jurisdiction to entertain petitions for habeas corpus relief "only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (internal citation and quotation marks omitted). "[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* (citing *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968)). "This language is jurisdictional: if a petitioner is not 'in custody' when she files her petition, courts may not consider it." *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018). Except in limited situations not relevant here, the custody requirement is not met if the petitioner files his habeas corpus petition after the sentence imposed for the challenged conviction has "fully expired." *See Maleng*, 490 U.S. at 493–94; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Steverson v. Summers*, 258 F.3d 520, 522–25 (6th Cir. 2001).

Petitioner is in the custody of the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility in Ionia, Ionia County, Michigan. (Petition, ECF No. 1, PageID.1.) Petitioner is presently serving a consecutive string of sentences. The first component of Petitioner's consecutive string includes three concurrent sentences of 2 years, 6 months to 10 years imposed by the Ingham County Circuit Court on December 16, 2015, following Petitioner's guilty plea to three counts of the use of false pretenses to defraud, in violation of Mich. Comp. Laws § 750.218. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.

state.mi.us/otis2/otis2profile.aspx?mdocNumber=437651 (last visited Dec. 7, 2025).[2] The second component of Petitioner's consecutive string includes two concurrent sentences of 1 year, 1 month to 10 years imposed by the Isabella County Circuit Court following Petitioner's guilty plea to two counts of malicious destruction, in violation of Mich. Comp. Laws §§ 750.377a and 750.377b. *Id*.

Petitioner does not challenge his false pretenses or malicious destruction convictions or sentences. Instead, he challenges a conviction and sentence for third-degree home invasion imposed by the Ingham County Circuit Court following Petitioner's guilty plea. (Petition, ECF No. 1, PageID.1.) Petitioner has served the entirety of that sentence, and the MDOC discharged him more than 15 years ago. *See* MDOC OTIS, https://mdocweb.state.mi.us/otis2/otis2profile. aspx?mdocNumber=437651 (last visited Dec. 7, 2025). Petitioner is no longer in custody for the conviction and sentence he challenges in his petition. For that reason, this Court does not have jurisdiction to consider the petition and it is properly dismissed.[3]

## II.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

---

[2] This Court takes judicial notice of the information provided by a search of the MDOC's OTIS website with regard to Petitioner. *See, e.g.*, *United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

[3] "[D]ismissals for lack of jurisdiction should generally be made without prejudice." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). The Court will proceed accordingly.

whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's section 2254 petition on the procedural ground that the Court lacks jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. The Court finds that reasonable jurists could not debate that the Court lacks jurisdiction because Petitioner is not in custody; therefore, the Court denies Petitioner a certificate of appealability.

Petitioner is well-aware that he is not in custody on the home invasion conviction and that this Court has no jurisdiction over his request for habeas relief. Therefore, for the same reason that

5

the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition without prejudice and an order granting Petitioner leave to proceed *in forma pauperis* and denying a certificate of appealability.

Dated:  December 8, 2025  /s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge